IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY TAYLOR, #508901, | ) ) ) |
| Plaintiff, | ) ) NO. 3:22-cv-00705 |
| v. | ) ) ) JUDGE RICHARDSON |
| WELLPATH MEDICAL, *et al.*, | ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM OPINION

Corey Taylor, a pretrial detainee in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against Wellpath Medical, Dr. Hoang Brian Nguyen, and "Davidson County Metropolitan Government," alleging violations of Plaintiff's civil and constitutional rights. (Doc. No. 1). Plaintiff also has filed two Applications for Leave to Proceed In Forma Pauperis. (Doc. Nos. 2, 5).

### I. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

To file a civil lawsuit, a plaintiff must submit the civil filing fee or an application for leave to proceed in forma pauperis. In addition, if seeking pauper status, a plaintiff must provide a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint as required by 28 U.S.C. § 1915(a)(2).

While Plaintiff has filed an Application for Leave to Proceed In Forma Pauperis (Doc. No. 5),[1] he has not submitted a certified copy of his inmate trust fund account statement. However, Plaintiff states that he has attempted to obtain the required statement "several times" but "was told

---

[1] His applications are largely the same in content. The Court will proceed using the later-filed Application.

that DSCO staff cannot sign such documents" because "this is a temporary facility." (Doc. No. 6 at 1). Plaintiff points out that he has experienced this same issue in another case before The Honorable William L. Campbell, Jr., *Corey Taylor v. E. Byers*, No. 3:22-cv-00689 (M.D. Tenn. filed 9/06/2022), and the Court granted pauper status to Plaintiff. Plaintiff states that he has no valuable property or assets of any kind and does not own bank accounts, stocks, securities, or bonds. (Doc. No. 5 at 1, 2). Plaintiff further states that he is the father of four children, and he is unable to provide for them due to his incarceration. (*Id.* at 2).

It appears that Plaintiff has attempted to comply with Section 1915(a)(2) and has been unable to do so for reasons beyond his control. The Court finds that, under the specific circumstances described by the Court in Plaintiff's case against *E. Byers* (*see* Case No. 3:22-cv-00689, Doc. No. 12 at 1-2) which the Court finds to be the same in this case, Plaintiff has made a good faith effort to obtain pauper status with proper documentation. *See Michael Kilpatrick v. James O'Rouke*, No. 3:16-cv-01840 (M.D. Tenn. 2016) (Sharp., J.) (Doc. No. 3 at 2) (if jail officials refuse to cooperate with plaintiff's efforts to get his inmate account statement certified, plaintiff may submit a signed statement to the court detailing his attempts to comply with the court's order). Accordingly, Plaintiff's Application (Doc. No. 5) will be granted. Should the Court discover at any point that Plaintiff has falsely represented the amount in his inmate trust account, Plaintiff's pauper status could be revoked and Plaintiff will be required to pay the full civil filing fee of $402 in one payment to proceed with this action.

## II. SCREENING OF THE COMPLAINT

A. <u>PLRA SCREENING STANDARD</u>

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

B. SECTION 1983 STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

C. FACTS ALLEGED IN THE COMPLAINT

The facts set forth below are taken from the complaint and, except as indicated otherwise, accepted as true for current purposes.

while detained at the Davidson County Sheriff's Office, Plaintiff began experiencing "large white patches inside his mouth that [were] also on his gums and lips . . . . followed by blistering wart type of bumps." (Doc. No. 1 at 1). Plaintiff complained about these symptoms shortly after his March 15, 2022, intake at the Davidson County Sheriff's Office.

On an undisclosed date prior to Plaintiff's first biopsy, Dr. Nguyen prescribed fluocinonide cream for Plaintiff's symptoms. (*Id*. at 4). Plaintiff was not responsive to the cream.

On or about May 12, 2022, Dr. Nguyen performed a biopsy of Plaintiff's lower right and left gum and the roof of Plaintiff's mouth. Dr. Nguyen indicated that, if Plaintiff's symptoms were due to lichen planus,[2] "it is a serious medical issue [be]cause it's known to cause cancer." (*Id*.) After receiving the biopsy results, Dr. Nguyen failed to follow-up with Plaintiff. Instead, Dr. Nguyen scheduled Plaintiff for another visit in six months. Dr. Nguyen had learned that Plaintiff's condition was, in fact, oral lichen planus.

During the three-and-a-half-month period following the biopsy, Plaintiff "suffered continuously with blistering inflammation on his gums [and] bur[n]ing whenever he'd eat or drink", and his gums rescinded. (*Id*. at 2). Plaintiff sought medical assistance, and Dr. f/n/u Finley "did what she felt was best" and sent Plaintiff to an outside rheumatologist and then to an outside oral surgeon.

---

[2] According to the Mayo Clinic, oral lichen planus is a chronic inflammatory condition that affects mucous membranes inside the mouth. *See* https://www.mayoclinic.org/diseases-conditions/oral-lichen-planus/symptoms-causes/syc-20350869 (last visited January 4, 2023). These lesions may cause burning, pain, or other discomfort. *Id*. "Symptoms can usually be managed, but people who have oral lichen planus need regular monitoring because they may be at risk of developing mouth cancer in the affected areas." *Id*.

(*Id.*)³ Plaintiff continued to suffer "so severely he has not slept many nights due to the pain [and] fear and worry of possibly contracting cancer due to Dr. Nguyen constantly neglecting Taylor." (*Id.*)

After just over three months had passed, Dr. Nguyen examined Plaintiff again due to "medical staff pressing the issue and Taylor's several complaints." (*Id.*) Dr. Nguyen performed another biopsy after observing several blisters in Plaintiff's mouth. He injected Plaintiff's gums with steroids and told Plaintiff that he needs to be on a "constant dose" of steroids because he could develop oral cancer. (*Id.* at 3). Dr. Nguyen recommended that Plaintiff be seen by a rheumatologist on a regular basis.

According to Plaintiff, Wellpath Medical is not "adhering unto [Dr. Nguyen's] medical treatment rapidly." (*Id.*) Plaintiff has not been prescribed steroids. He "is forced to still place sick calls" and is only seen during nurse sick call "when this matter sh[ould] be routine[] and Taylor seen on an urgent care basis." (*Id.*)

On August 29, 2022, Dr. Nguyen performed another biopsy on Plaintiff and stitched Plaintiff. The stitch came undone shortly after leaving the medical unit. Plaintiff informed an officer, who immediately contacted the medical unit. "Medical" responded by telling the officer to tell Plaintiff "to put in a sick call." (*Id.* at 4). Plaintiff has since been in pain and his lip has not healed properly.

A Wellpath Medical policy exists that results in staff ignoring the medical needs of pretrial detainees housed at the Davidson County Sheriff's Office because the facility "is a short term facility so it is only limited care and treatment that can and will be provided." (*Id.*) The complaint further alleges that "Metro Government" is "the moving force behind Wellpath Medical," (*id.*), though the Court does not accept this allegation as true because it is too ambiguous; the Court does not know what "moving force" means in this context.

---

³ It is unclear from Plaintiff's narrative whether Plaintiff alleges that Dr. Finley sent Plaintiff to outside specialists before or after Dr. Nguyen confirmed that Plaintiff has lichen planus.

As relief, Plaintiff seeks an injunction, declaratory judgment, compensatory damages in the amount of $1.5 million, punitive damages in the amount of $75,000, as well as other particulars. (*Id*.)

D. <u>ANALYSIS</u>

   1. **Deliberate Indifference to Serious Medical Needs Claims**

In his complaint, Plaintiff cites the Eighth and Fourteenth Amendments to the United States Constitution in support of his deliberate indifference to serious medical needs claims. (Doc. No. 1 at 1).

The Eighth Amendment protects against "cruel and unusual punishments." U.S. Const. amend. VIII. For persons who are incarcerated, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). When prison officials are "deliberate[ly] indifferen[t]" to a prisoner's "objectively . . . serious" needs, they violate the Eighth Amendment. *Id*. at 834 (quotations omitted). Deliberate indifference includes objective and subjective aspects: (1) a substantial (objective) risk of serious harm and (2) the official's (subjective) knowledge and disregard of that substantial risk. *Id*. Deliberate indifference "entails something more than mere negligence." *Id*. at 835. Instead, the Eighth Amendment standard is akin to criminal recklessness, requiring actual awareness of the substantial risk. *Id*. at 839-40.

But the Eighth Amendment applies only to "those convicted of crimes." *Ingraham v. Wright*, 430 U.S. 651, 664 (1977). It "does not apply to pretrial detainees," like Taylor. *Greene v. Crawford County*, 22 F.4th 593, 605 (6th Cir. 2022). Instead, "[p]retrial detainees are analogously protected under the Due Process Clause of the Fourteenth Amendment," which incorporates similar protections against custodians of pretrial detainees. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004). As a sister court noted, "the standard for inadequate-medical-care claims brought by pretrial detainees has been in flux in the Sixth Circuit." *Henry v. Fentress*, No. 4:22CV-P82-JHM, 2022 WL

17670457, at *3 (W.D. Ky. Dec. 14, 2022). In *Greene v. Crawford Cnty.*, 22 F.4th 593 (6th Cir. 2022), the Sixth Circuit clarified the standard as follows:

> *Brawner* [*v. Crawford Cnty,* 14 F. 4th 592 (6th Cir. 2022)] modified the second prong of the deliberate indifference test applied to pretrial detainees to require only recklessness: "A pretrial detainee must prove 'more than negligence but less than subjective intent—something akin to reckless disregard.'" *Brawner*, 14 F.4th at 597 (6th Cir. 2021) (quoting *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)). In other words, a plaintiff must prove that the defendant acted "deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id*. (citation and quotation marks omitted).

*Id*. at 605-06. Subsequently, the Sixth Circuit decided *Trozzi v. Lake Cnty.*, 29 F.4th 745 (6th Cir. 2022), which articulated the modified standard as follows:

> [A] plaintiff must satisfy three elements: (1) the plaintiff had an objectively serious medical need; (2) a reasonable officer at the scene (knowing what the particular jail official knew at the time of the incident) would have understood that the detainee's medical needs subjected the detainee to an excessive risk of harm; and (3) the prison official knew that his failure to respond would pose a serious risk to the pretrial detainee and ignored that risk.

*Id*. at 757. The Court pointed out that this standard still "ensur[es] that there is a sufficiently culpable mental state to satisfy the [ ]high bar[ ] for constitutional torts grounded in a substantive due process violation." *Id*. at 758. A showing of "mere negligence is insufficient." *Id*. at 753 (citing *Brawner*, 14 F.4th at 596).

Because Plaintiff is a pretrial detainee, his claims of deliberate indifference to medical needs fall under the Fourteenth Amendment. "Dental needs fall into the category of serious medical needs because dental care is one of the most important needs of inmates." *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (quoting *McCarthy v. Place*, 313 F. App'x 810, 814 (6th Cir. 2008)) (internal quotation marks omitted).

Here, Plaintiff names three Defendants to his claims of deliberate indifference to serious medical needs under Section 1983: Wellpath Medical, Dr. Hoang Brian Nguyen, and "Davidson County Metropolitan Government."

a. <u>Wellpath Medical</u>

Persons or entities that act "under color of state law" are subject to suit under Section 1983. *See Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted) (explaining that one element of a Section 1983 claim is that "a defendant acted under color of state law"). "Private individuals may be considered state actors . . . if they are 'clothed with the authority of state law.'" *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Defendant Wellpath Medical, the medical and dental care provider for the Davidson County Sheriff's Office, is a state actor here. *See Montgomery v. Wellpath Med.*, No. 3:19-cv-00675, 2020 WL 636581, at *4 (M.D. Tenn. Feb. 10, 2020) (permitting a Section 1983 claim to proceed against Wellpath Medical as a state actor) (citing *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) (finding that corporate provider of medical services to jail inmates is "clearly a state actor" under § 1983 and, like the county that operates the jail, can only be liable for harm directly caused by the execution of its policy)).

To state a claim under Section 1983 against Wellpath Medical, Plaintiff must allege that Wellpath Medical had a policy or custom that directly caused Plaintiff to suffer a constitutional violation. *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) (citing *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010)).

Here, the complaint alleges that Plaintiff had an objectively serious medical need: oral lichen planus and corresponding symptoms, including pain. For purposes of this initial review, the Court presumes that Plaintiff's alleged oral lichen planus constitutes an objectively serious medical need under the standard in our circuit for inadequate-medical-care claims brought by pretrial detainees.

The complaint further alleges that Wellpath Medical, through its physicians and staff, was aware that Plaintiff's medical need necessitated certain treatment (regular steroid injections and monitoring by a rheumatologist); Wellpath Medical knew that failure to provide that treatment would

pose a serious risk to Plaintiff (contracting cancer); Wellpath Medical's employees ignored the risk to Plaintiff, relying on a policy of denying such services based on the jail being "a short time facility"; and Plaintiff was injured as a result of Wellpath's policies and employees' actions.[4]

Viewing the pro se complaint's allegations liberally, the Court finds that these allegations state a colorable Fourteenth Amendment claim against Wellpath Medical under Section 1983.[5] *See Montgomery v. Wellpath Med.*, No. 3:19-cv-00675, 2022 WL 3589571, at *8 (M.D. Tenn. Aug. 22, 2022) (finding prisoner-plaintiff's allegation, liberally construed, sufficient to support the reasonable inference that Metro had a policy of denying certain forms of dental treatment to persons detained at the Davidson County Jail based on its status as a "'short-term facility.'")). This claim shall proceed for further development.

      b. Dr. Nguyen

The complaint names Dr. Nguyen as a Defendant in his individual and official capacities. (Doc. No. 1 at 3). When a defendant is sued in his or her official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). Here, the complaint alleges that Dr. Nguyen is an employee of Wellpath Medical. Thus, Plaintiff's official capacity claim against Dr. Nguyen is duplicative of Plaintiff's claim against Wellpath Medical, which the Court addressed above, and will be dismissed.

---

[4] The complaint alleges that Dr. Nguyen, a Wellpath Medical employee, acted negligently (which is insufficient to meet the modified Fourteenth Amendment standard) and with deliberate indifference (which exceeds the standard). However, Plaintiff arguably brings a state law negligence claim in addition to his federal claims, and his pro se complaint is not structured to discuss each claim separately.

[5] It is not clear at this point if the policy is put forward by Metro or by Wellpath Medical, or both. For purposes of the PLRA screening, the Court will permit Plaintiff's deliberate indifference claims to proceed against Wellpath Medical and Metro. Ultimately, Plaintiff is responsible for proving such policy exists and which entity is responsible for the policy, among other elements.

With respect to Plaintiff's claim against Dr. Nguyen in his individual capacity, the Court must determine whether the complaint alleges that Dr. Nguyen acted with reckless disregard to Plaintiff's serious medical needs. According to the complaint, once Plaintiff's biopsy confirmed that Plaintiff has oral lichen planus, Dr. Nguyen was aware that Plaintiff's medical need necessitated certain treatment (regular steroid injections and monitoring by a rheumatologist); Dr. Nguyen knew that failure to provide that treatment would subject Plaintiff to an excessive risk of harm (contracting cancer); and Dr. Nguyen ignored that risk by failing to ensure that Plaintiff received the regular steroid injections and monitoring by an outside rheumatologist. These allegations could support a delay-of-treatment claim. *See Kimbrough v. Core Civic*, No. 1:19-cv-00048, 2019 WL 2501558, at *2 (M.D. Tenn. June 17, 2019) ("Where the alleged constitutional violation is a delay in medical treatment for a serious medical need, a slightly different analysis is employed to determine whether a plaintiff has satisfied the objective element of the test."). Although it is a close call, considering the evolving standard for these types of claims in this Circuit, the Court finds that this claim should proceed for further development.

### c. The Metropolitan Government

The complaint also names "Davidson County Metropolitan Government" as a Defendant to this action. The Court infers that, by "Davidson County Metropolitan Government", Plaintiff means the Metropolitan Government of Nashville and Davidson County, which the Court will refer to as Metro.

A claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision, or custom promulgated by a county or its agent. *Monell Dep't of Social Svcs.*, 436 U.S. 658, 690-691 (1978). In short, for Metro to be liable to Plaintiff under Section 1983, there must be a direct causal link between an official policy or custom and the alleged violation of Plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989);

*Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir .2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693 (1978)); *Regets v. City of Plymouth*, 568 F. App'x 380, 2014 WL 2596562, at *12 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

Because Plaintiff alleges that the physicians' refusal to provide appropriate treatment to Plaintiff reflects a policy of denying such treatment based on the jail being a "short term facility", and because it is not clear at this point whether the alleged policy is put forward by Metro or by Wellpath Medical, or both, this claim will proceed against Metro. *See Montgomery*, 2020 WL 636581, at *4.

The Court notes that, to ultimately prevail on this claim against Metro, Plaintiff must show a direct causal link between an official policy or custom of Metro and the alleged violation of Plaintiff's constitutional rights. *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell*, 436 U.S. at 694-95) ("[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue" through execution of its own policies or customs). The required causal link is not crystal clear from the complaint. However, at this early state of the proceedings and considering Plaintiff's pro se status, the Court finds that it is appropriate to allow this claim to proceed for more development.

    2. **State Law Claims**

Plaintiff arguably asserts, in addition to his federal claims, state-law claims of negligence and intentional infliction of emotional distress against the named Defendants. (*See* Doc. No. 1 at 3, 4). These state-law claims will be allowed to proceed under the Court's supplemental jurisdiction because

they concern part of the same controversy as the federal claims. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .").

### III. CONCLUSION

Plaintiff's Application to Proceed In Forma Pauperis (Doc. No. 5) will be granted.

Having screened the complaint pursuant to the PRLA, the Court finds that Plaintiff's allegations state colorable Fourteenth Amendment deliberate indifference to serious medical needs claims under Section 1983 against Wellpath Medical, Dr. Nguyen in his individual capacity, and Metropolitan Government and Davidson County. These claims shall proceed.

Plaintiff's Section 1983 claims against Dr. Nguyen in his official capacity is duplicative of Plaintiff's claim against Wellpath Medical. The claim, therefore, will be dismissed.

An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE