IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


COREY TAYLOR                              )
                                         )
        v.                               )        NO. 3:22-cv-00705
                                         )
WELLPATH MEDICAL, et al.                 )


**TO:    Honorable Eli J. Richardson, United States District Judge**


## <u>REPORT AND RECOMMENDATION</u>

This *pro se* and *in forma pauperis* prisoner civil rights action was referred to the

Magistrate Judge for pretrial proceedings. *See* Order entered January 18, 2023 (Docket Entry No.

8). Presently pending before the Court are Plaintiff's motions for preliminary injunctive relief

(Docket Entry Nos. 14 and 21). For the reasons set out below, the undersigned respectfully

recommends that the motions be denied.

## I.        BACKGROUND

Corey Taylor ("Plaintiff") is a pretrial detainee currently in the custody of the Davidson

County Sheriff's Office ("Sheriff's Office") in Nashville, Tennessee.  He filed this *pro se* lawsuit

under 42 U.S.C. § 1983 against the Davidson County Metropolitan Government ("Metro"),

Wellpath Medical ("Wellpath"), and Dr. Hoang Brian Nguyen ("Nguyen"). Wellpath and

Nguyen provide health care to inmates overseen by the Sheriff's Office. Plaintiff claims that his

civil and constitutional rights are being violated during his pretrial detention because he is not

receiving proper medical treatment. Specifically, he alleges that he suffers from an oral disease

that has been diagnosed as lichen planus, which causes lesions and blistering on his gums and the

inside of his mouth. Plaintiff asserts that this is very painful and that the condition causes him to be at a higher risk of developing mouth cancer. He alleges that, although he has received some treatment, the treatment has not been sufficient because he is only sporadically provided with medications that have been prescribed and he is not promptly examined by medical staff when he complains. He further alleges that Dr. Nguyen has failed to properly treat his condition. *See* Complaint (Docket Entry No. 1).

Upon initial review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court found that Plaintiff stated colorable Fourteenth Amendment claims that he was being treated with deliberate indifference to serious medical by Wellpath, Dr. Nguyen in his individual capacity, and Metro. The Court also permitted Plaintiff to pursue claims under state law for negligence and intentional infliction of emotional distress. *See* Order (Docket Entry No. 8) and Memorandum Opinion (Docket Entry No. 7) entered January 18, 2023. Defendants Metro and Wellpath have been granted an extension until May 1, 2023, to file a response to the lawsuit. *See* Docket Entry Nos. 18 and 32. Process for Defendant Nguyen was only recently issued and he has not yet appeared in the action.

## II. PLAINTIFF'S MOTIONS

In his first motion, Plaintiff asserts that he had a tooth removed by an oral surgeon on January 23, 2023, but has not received adequate follow up care from Wellpath and the Sheriff's Office staff despite his complaints of extreme pain and bleeding in his mouth. *See* Docket Entry No. 14. He further asserts that instead of being promptly seen by dental staff, he has been referred to an outside oral surgeon, which he contends will take several weeks. *Id*. Plaintiff also contends that the continued inadequate care is a form of retaliation against him for filing the instant lawsuit. *Id*. In his second motion, Plaintiff asserts that he was seen by an outside oral

2

surgeon on February 23, 2023, who prescribed medications for him, but the Wellpath staff have not filled the medications, claiming that they cannot find the medical orders or Plaintiff's medical file. *See* Docket Entry No. 21. Plaintiff asserts that a similar situation has occurred with respect to orders for medication that were made by a dermatologist who examined him. *Id*. He asserts that he is in severe and constant pain because of the failure of the Wellpath staff to provide the prescribed medications. *Id*.

Plaintiff requests an order from the Court that requires Wellpath to provide him with proper treatment, locate his medical file, take him for new examinations by the oral surgeon and the dermatologist, and schedule him for an appointment with an infectious disease specialist or a neurologist. *Id*. at 3. Defendants Metro and Wellpath filed a response in opposition. *See* Docket Entry No. 30.[1] Defendants argue that Plaintiff has not presented sufficient evidence in support of his allegations, that he has not established a sufficient relationship between his alleged injuries and the claims against Defendants that are raised in his complaint, and that he has not identified the relief that he seeks from the Court. They further argue that Plaintiff has not shown that he will suffer irreparable harm, that his own allegations show that he was provided with medications, and that the medical staff have treated him appropriately.

### III.    LEGAL STANDARDS AND ANALYSIS

Federal Rule of Civil Procedure 65 governs requests for temporary restraining orders and preliminary injunctions. Temporary restraining orders and preliminary injunctions are considered preventive, prohibitory, or protective measures taken pending resolution on the merits, *see*

---

[1] The Court notes that Defendants have responded only to the allegations made in Plaintiff's first motion despite being specifically advised by the Court "to incorporate into its response a response to the second motion filed by Plaintiff." *See* Order entered March 13, 2023 (Docket Entry No. 23) at 2.

3

*Clemons v. Board of Educ. of Hillsboro*, Ohio, 228 F.2d 853, 856 (6th Cir. 1956), and are considered extraordinary relief. *See Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). A request for such relief should be granted only if the movant carries its burden of proving that the circumstances clearly demand it. *Overstreet v. Lexington–Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). In determining whether to grant a preliminary injunction or temporary restraining order, the Court must consider whether the movant has established: (1) a "strong" likelihood of success on the merits; (2) that he will suffer irreparable injury absent injunctive relief; (3) that the balance of the equities favors the movant because the issuance of an injunction would not cause substantial harm to others; and (4) that the public interest would be served by the issuance of the injunction. *Sisters for Life, Inc. v. Louisville-Jefferson County*, 56 F.4th 400, 403 (6th Cir. 2022); *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). Whether to grant an injunction is within the discretion of the district court. *Tenn. Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009).

Here, Plaintiff's motions are properly denied. As an initial matter, neither of the motions complies with the strict requirements of Rule 65(b)(1) or Local Rule 65.01 that pertain to a request for a temporary restraining order. To the extent that Plaintiff seeks the issuance of a preliminary injunction, the motions should be denied for the threshold reason that they are not supported by an affidavit, declaration, or any other type of actual evidence. Because the issuance of a preliminary injunction is an extraordinary remedy, the proof required for a party to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion. *Leary*, 228 F.3d at 739. A party seeking a preliminary injunction must therefore present "more than 'scant evidence' to substantiate [its] allegations." *Patel v. AR Grp.*

4

*Tennessee, LLC*, 2020 WL 5849346, at *4 (M.D. Tenn. Oct. 1, 2020) (quoting *Libertarian Party of Ohio v. Husted*, 751 F.3d 403, 417 (6th Cir. 2014)). An unsupported motion, such as Plaintiff's two motions, must be denied.

Further, even if the motions were properly supported, they should be denied. Plaintiff's motions do not merely seek to preserve the status quo in this case, but they request that the Court actively intervene by overseeing his medical care and providing him with affirmative relief prior to any resolution of his claims. The Court finds no basis supporting such extraordinary relief. This action was only recently filed and Plaintiff's likelihood of success on the merits is no greater than that of Defendants at this point. Plaintiff has also not made a persuasive showing that he will suffer irreparable harm if the requested injunctive relief is not granted. The balancing of harms required by the third factor also does not weigh in favor of the requested relief, and Plaintiff has not persuasively demonstrated that a public interest would be advanced by the requested relief as is required for the fourth factor. *National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 372 F.3d 712, 720 n.4 (6th Cir. 2003). There is a "public interest in leaving the administration of state prisons to state prison administrators." *Rhinehart v. Scutt*, 509 F. App'x 510, 516 (6th Cir. 2013). Absent extraordinary and urgently compelling reasons, the Court will not intervene in the day-to-day operations in a correctional facility, such as the provision of health care to a particular inmate. *See Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988) (setting forth various public policy concerns relating to court intrusion into prison administrative matters and holding that a federal court should not "attempt to administer any portion of a state correctional system program except in the most compelling situations"); *Kendrick v. Bland*, 740 F.2d 432, 438 (6th Cir. 1984) (noting that federal restraint into intrusion of a state penal institution is counseled); *Griffin v. Berghuis*, 563 F. App'x 411, 417-18 (6th Cir.

5

2014) (citing *Turner v. Safley*, 482 U.S. 78, 82 (1987)) (decisions concerning the administration of prisons are vested in prison officials in the absence of a constitutional violation, and any interference by the federal courts in that activity is necessarily disruptive). Such reasons have not been shown by Plaintiff.

## IV.    RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that Plaintiff's motions for emergency injunctive relief (Docket Entry Nos. 14 and 21) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

6