IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| COREY TAYLOR | ) | |
| | ) | |
| v. | ) | NO. 3:22-cv-00705 |
| | ) | |
| WELLPATH MEDICAL *et al.* | ) | |

TO:   **Honorable Eli J. Richardson, United States District Judge**

## R E P O R T   A N D   R E C O M E N D A T I O N

This prisoner civil right action was referred to the Magistrate Judge for pretrial proceedings. *See* Order entered January 18, 2023 (Docket Entry No. 8). Pending before the Court is a motion to dismiss (Docket Entry No. 44) filed by Defendants Wellpath, LLC, the Metropolitan Government of Nashville and Davidson County, and Dr. Hoang Brian Nguyen. Plaintiff opposes the motion. For the reasons set out below, the undersigned respectfully recommends that the motion be denied.

## I.  BACKGROUND

Corey Taylor ("Plaintiff") is currently an inmate of the Tennessee Department of Correction ("TDOC"). This lawsuit was filed *pro se* and *in forma pauperis* on September 13, 2022, and centers around the manner in which Plaintiff's medical needs were treated while he was held in the custody of the Davidson County Sheriff's Office ("Sheriff's Office") as a pre-trial detainee during 2022. *See* Complaint (Docket Enty No. 1).[1] Named as defendants are the

---

[1] Although it is not clear when Plaintiff became a convicted prisoner, he filed a change of address notice on May 19, 2023, indicating that he had been transferred to a TDOC facility. *See* Docket Entry No. 43.

Metropolitan Government of Nashville and Davidson County ("Metro"), Well Path, LLC ("Well Path Medical"), and Dr. Hoang Brian Nguyen ("Nguyen"). Well Path Medical and Nguyen provide health care to inmates in the custody of the Sheriff's Office. Plaintiff seeks damages, as well as injunctive and declaratory relief. *Id*. at 4.

Plaintiff alleges that he began his pretrial detention on March 15, 2022, and shortly thereafter began complaining about pain, bleeding, lesions, blisters, and white patches on the inside of his mouth and gums. *Id*. at 2. Plaintiff describes that he was eventually seen by Dr. Nguyen, who removed tissue from Plaintiff's mouth for a biopsy. *Id*. at 1. Plaintiff states that Dr. Nguyen informed him that the issue could be a condition called lichen planus, which is a serious condition that can lead to cancer. *Id*. Plaintiff asserts that Dr. Nguyen scheduled him for a follow-up in six months but did not otherwise provide any treatment. *Id*.

Plaintiff alleges that his condition became worse and that he continued to suffer from extreme pain. *Id*. at 1-2. He further contends that he made numerous complaints to medical staff and was eventually seen by an outside rheumatologist on August 1, 2022, who provided a topical ointment that was not effective. *Id*. at 2. Plaintiff also alleges that Dr. Nguyen examined him again on August 29, 2022, at the urging of other medical staff, at which time Dr. Nguyen removed more tissue for a biopsy and gave Plaintiff a steroid injection. *Id*. Plaintiff contends that Dr. Nguyen again told him that the condition was serious and stated that Plaintiff needed to be seen regularly and be on a constant dose of steroids. *Id*. at 3. However, according to Plaintiff, Dr. Nguyen failed to order regular treatment or medication or take any steps to ensure that Plaintiff received urgent or chronic care, forcing Plaintiff to make constant complaints to medical staff about his condition and pain. *Id*. Plaintiff alleges that he was told that only limited care and treatment would be provided to him because the DCSO is a short-term facility. *Id*. at 4. Plaintiff

2

claims that he eventually had two teeth extracted as a result of the lack of treatment. *See* Notice (Docket Entry No. 9).

Upon initial review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court found that Plaintiff stated colorable Fourteenth Amendment claims that he was treated with deliberate indifference with respect to his serious medical needs by Wellpath Medical, Dr. Nguyen in his individual capacity, and Metro. *See* Order (Docket Entry No. 8) and Memorandum Opinion (Docket Entry No. 7) entered January 18, 2023. The Court also permitted Plaintiff to pursue claims under state law for negligence and intentional infliction of emotional distress. *Id*. Defendants filed an answer (Docket Entry No. 40), and a scheduling order (Docket Entry No. 41) has been entered.

## II. MOTION TO DISMISS AND REPONSE

Bringing their motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants argue that Plaintiff fails to plead facts that are sufficient to support claims against them. Defendants assert that Plaintiff's own allegations show that he received medical treatment. They contend that, for that reason, his lawsuit is based on what is essentially a disagreement with treatment decisions made by the medical staff, which they argue is not sufficient to support a constitutional claim. Defendants Wellpath Medical and Metro additionally contend that they cannot be held vicariously liable under Section 1983 for the conduct of others based on a theory of *respondeat superior* theory and that Plaintiff fails to allege facts that would support claims that their policies or customs were the cause of his alleged constitutional injury. Defendants finally argue that Plaintiff's state law claims are all centered on medical malpractice or negligence and must be dismissed because Plaintiff did not comply with the mandatory pre-suit

notification and certification provisions for such claims that are required by the Tennessee Health Care Liability Act, ("THCLA") Tenn. Code Ann. §§ 29-26-121, *et. seq*.

In response, Plaintiff first argues that he has satisfied the requirements of the THCLA because (1) he made his intent to file a lawsuit known through his prison grievances and through verbal complaints to medical staff and (2) he filed his lawsuit in good faith and, as a *pro se* party, he was unaware of the specific certification requirement of the THCLA. *See* Plaintiff's Response (Docket Entry No. 48) at 1-2. Plaintiff further argues that he has set out allegations of acts and omissions regarding his medical treatment that are sufficient to state constitutional claims for relief. *Id*. at 2-7. Attached to Plaintiff's response are 16 pages of exhibits, consisting of copies of parts of Plaintiff's medical records and a printout about oral lichen planus. *See* Docket Entry No. 48-1. Subsequent to filing his first response, Plaintiff filed a second response that essentially echoes the argument that he has alleged sufficient facts to state a constitutional claim for relief. *See* Plaintiff's Second Response (Docket Entry No. 49).

Defendants did not file a reply.

### III. STANDARD OF REVIEW

In deciding a motion to dismiss that is filed under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the non-moving party, accept the well-pleaded allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-moving party. *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed.R.Civ.P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged," *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*,

4

556 U.S. 662, 678 (2009)), and must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61 (2007). The complaint must contain either direct or inferential factual allegations that are sufficient to sustain a recovery under some viable legal theory. *Id.*; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). To state a plausible claim for relief, the alleged facts must provide Amore than a sheer possibility that a defendant has acted unlawfully.@ *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Because Plaintiff proceeds *pro se*, the Court must construe his filing liberally and hold his complaint to less stringent standards than if it were prepared by a lawyer. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). There are limits to liberal construction, however, and the Court is not required to supply or assume facts that are not pled or to create claims for a party that are not actually pled. *See Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001); *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL 302988 (6th Cir. 2000); *Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012).

In analyzing the motion to dismiss, the Court has not reviewed the exhibits attached by Plaintiff to his response in opposition and has limited its review to the allegations made by Plaintiff in his pleadings.

## IV.  ANALYSIS

A. Constitutional Claim under Section 1983

42 U.S.C. § 1983 permits individuals to bring civil claims based on violations of "the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004).  To state a claim under Section 42 U.S.C. § 1983 a

5

plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Defendants' motion contests Plaintiff's ability to satisfy the first elements.

As a pretrial detainee, Plaintiff was entitled under the Fourteenth Amendment to a certain level of medical care during his time in pretrial custody. *Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022); *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004). Until recently, a pretrial detainee's right to medical care was analyzed under the same Eighth Amendment standards that apply to claims brought by convicted inmates. However, the standard for a pretrial detainee's Fourteenth Amendment medical care claim was recently clarified in *Helphenstine v. Lewis Cnty., Kentucky*, 60 F.4th 305 (6th Cir. 2023), in which the Sixth Circuit stated that:

> [a] plaintiff must show (1) that [the plaintiff] had a sufficiently serious medical need and (2) that each defendant acted deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.

60 F.3d at 317 (internal quotations deleted) (citing *Brawner v. Scott Cnty*, 14 F.4th 585, 596 (6th Cir. 2021).[2] While this standard requires a lesser showing of culpability than for an Eighth Amendment claim, the standard nonetheless retains the truism that a showing of negligence is not sufficient to support a constitutional claim. *Brawner*, 14 F.4th at 596.[3]

---

[2] The Sixth Circuit in *Helphenstine* specifically disavowed a different standard that was set forth in *Trozzi v. Lake Cnty.*, 29 F.4th 745, 757 (6th Cir. 2022). *See Helphenstine*, 60 F.4th at 317.

[3] The Court notes that Defendants' motion relies on the Eighth Amendment standards that apply to claims of convicted inmates and does not address the recent line of cases from the Sixth Circuit that clarify the standard that is applicable to claims brought by pretrial detainees.

6

Defendants concede that Plaintiff sufficiently alleges that he suffered from an objectively serious medical need while in the custody of the Sheriff's Office, but they argue that Plaintiff's Section 1983 claim warrants dismissal because his own allegations show that received medical treatment. They contend that Plaintiff's allegations show that he was examined by Dr. Nguyen on two occasions when biopsies were performed, that he was seen by a rheumatologist and oral surgeon, and that he was given treatments consisting of steroid injections, oral steroids, and topical creams. *See* Defendants' Memorandum at 4-5. Defendants argue:

> Plaintiff received the medical treatment he requested, and now files suit because he merely disagrees with treatment decisions made by the medical staff. Plaintiff has relied upon conclusory allegations that medical staff was indifferent to his needs without pleading specific facts to show that indifference. Such pleading does not meet the higher standards of a constitutional deliberate indifference claim.

*Id.* at 5.

The Court is not persuaded by Defendants' arguments. It is certainly true that an inmate's mere difference of opinion about the manner of treatment provided to him or his displeasure with the efficacy of that treatment are rarely sufficient to state a constitutional claim. Further, an inmate has no constitutional right to demand a specific treatment or the kind of treatment that he could obtain independently if he were not held in custody. However, the Court finds that Plaintiff's allegations in this case are not directed merely at the manner or efficacy of his medical treatment. Instead, he clearly alleges that he went two months before being seen by Defendant Nguyen and that Dr. Nguyen provided no actual treatment to him after performing the first biopsy on May 12, 2022, and further that Dr. Nguyen failed to meet with Plaintiff about the results of the biopsy. Plaintiff alleges that he suffered from severe pain and a worsening of his condition for approximately the next three months with no real treatment until he was seen by

7

Dr. Nguyen again on August 29, 2022. He further alleges that the topical cream that he was given by the rheumatologist on August 1, 2022, was for external use, not for oral use, and that, although Dr. Nguyen gave him a steroid shot at the time of the second biopsy on August 29, 2022, Dr. Nguyen failed to prescribe a regular course of treatment for Plaintiff even though he told Plaintiff that such treatment was necessary. Plaintiff also alleges that, although his condition is a chronic condition that medical providers have told him needs regular treatment, he was not provided with ongoing treatment while in the custody of the Sheriff's Office but was required to constantly sign up for sick call to obtain treatment. Finally, Plaintiff alleges that he was told that he would not be provided with regular treatment for his condition because he was being housed at a short-term facility of the Sheriff's Office.

The Court finds that these allegations, when given a liberal construction and read in the light most favorable to Plaintiff, are sufficient to state a plausible constitutional claim that he was denied constitutionally necessary medical care despite the provision of some care to him. The allegations, which must be taken as true for the purposes of reviewing the motion to dismiss, are sufficient to support a claim that Defendant Nguyen acted with reckless disregard toward Plaintiff's need for additional treatment. *Helphenstine*, *supra*.

Additionally, with respect to Defendants Wellpath Medical and Metro, the Court finds that Plaintiff states a plausible claim against them in light of his allegation that medical treatment that was viewed as necessary was not provided to him based on medical reasons but because he was being housed in a short-term facility. The Court does not agree with Defendants that "Plaintiff makes generalized and conclusory statements that the Defendants maintained unconstitutional policies resulting in violation of Plaintiff's constitutional rights." *See* Defendants' Memorandum at 7. At this juncture of the case, Plaintiff's allegations are sufficient

to show a plausible causal link between the alleged lack of care and an official policy or custom on the part of these two Defendants. *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

At the motion to dismiss stage, a plaintiff need only plead sufficient factual content to allow the court to draw the reasonable inference that a custom or policy caused the alleged violation. *See Warren v. Metro. Gov't of Nashville & Davidson Cnty.*, 2015 WL 3417844, at *6 (M.D. Tenn. May 27, 2015). Plaintiff has done this. *See Montgomery v. Wellpath Med.*, 2022 WL 3589571, at *8 (M.D. Tenn. Aug. 22, 2022), *report and recommendation adopted*, 2022 WL 4474165 (M.D. Tenn. Sept. 26, 2022) (pretrial detainee's allegation that he was denied certain forms of dental treatment at the Davidson County jail based on its status as a short-term facility sufficiently alleged a municipal liability claim that survived a motion to dismiss).

Further development of this case and the submission of evidence may show that Plaintiff's allegations lack foundation or may show that other, unalleged, facts exist that support a conclusion that no constitutional violation occurred. However, such issues, which go to evidentiary proof and the underlying merits of Plaintiff's claims, are not before the Court in the stance of ruling on a Rule 12(b)(6) motion to dismiss, a stage at which the Court determines only whether the plaintiff "is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232 (1974)).

B. State Law Claims

Under the THCLA, a plaintiff "asserting a potential claim for health care liability" must satisfy several requirements, including: (1) "written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint"; (2) a certificate of mailing along with "an affidavit of the party mailing the notice

9

establishing that the specified notice was timely mailed"; and (3) a certificate of good faith that the plaintiff has consulted with an expert who believes that there is a good faith basis to maintain the action. Tenn. Code Ann. § 29-26-121(a)(1), (4); Tenn. Code. Ann. § 29-26-122(a)(1). Defendants correctly point out, and Plaintiff essentially acknowledges in his response in opposition, that he did not specifically comply with the pre-suit requirements of the THCLA prior to filing the instant lawsuit.

Such noncompliance would have led to the dismissal of Plaintiff's state laws claims had Defendants' motion been filed a few years ago. However, courts within this circuit have recently taken the position that certification requirements, such as those found in the THLCA, do not apply to lawsuits brought in federal court because the requirements conflict with the Federal Rules of Civil Procedure. *Albright v. Christensen*, 24 F.4th 1039 (6th Cir. 2022) (holding that the certification requirements of Michigan law [which are substantially similar to those of the THCLA] do not apply to a medical malpractice diversity lawsuit); *Smith v. CoreCivic, Inc.*, 618 F. Supp. 3d 695, 700-06 (M.D. Tenn. 2022); *Galaz v. Warren Cnty., Tennessee*, 2023 WL 2801178, at *3 (E.D. Tenn. Apr. 5, 2023). *See Gallivan v. United States,* 943 F.3d 291, 292-94 (6th Cir. 2019) (finding that the certification requirement of Ohio law did not apply to a claim sounding in medical malpractice that was brought under the Federal Tort Claims Act).

Defendants have not addressed the impact of these cases or argued why they should not control the Court's decision on this issue. Given the absence of analysis by Defendants on this issue, the Court finds that Defendants have not supported their request for dismissal of Plaintiff's state law claims.

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that the motion to dismiss (Docket Entry No. 44) filed by Defendants Wellpath, LLC, the Metropolitan Government of Nashville and Davidson County, and Dr. Hoang Brian Nguyen be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge