**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

| | | |
|---|---|---|
| **COREY TAYLOR** | ) | |
| | ) | |
| v. | ) | **Case No. 3:22-cv-00705** |
| | ) | |
| **WELL PATH MEDICAL, et al.** | ) | |

TO:   **Honorable Eli J. Richardson, United States District Judge**

## R E P O R T   A N D   R E C O M E N D A T I O N

This prisoner civil right action was referred to the Magistrate Judge for pretrial proceedings.  *See* Order entered January 18, 2023 (Docket Entry No. 8).

Pending before the Court is the motion for summary judgment (Docket Entry No. 81) of Defendants Wellpath, LLC, the Metropolitan Government of Nashville and Davidson County, and Dr. Hoang Brian Nguyen.  Plaintiff opposes the motion.  For the reasons set out below, the undersigned respectfully recommends that the motion (Docket Entry No. 81) be **GRANTED** and this action be **DISMISSED**.


## I.  BACKGROUND

Corey Taylor ("Plaintiff") is currently an inmate of the Tennessee Department of Correction ("TDOC") confined at the Turney Center Industrial Complex in Only, Tennessee.  He filed this lawsuit *pro se* and *in forma pauperis* on September 13, 2022, about the treatment of his medical needs during a period of several months when he was held in the custody of the Davidson County Sheriff's Office ("Sheriff's Office") as a pretrial detainee.  *See* Complaint

(Docket Enty No. 1).[1]  Named as defendants are the Metropolitan Government of Nashville and Davidson County ("Metro"), Wellpath, LLC ("Wellpath"), and Dr. Hoang Brian Nguyen ("Dr. Nguyen"). Wellpath is a health care company that provides medical services to inmates in the custody of the Sheriff's Office. Dr. Nguyen is an oral surgeon employed by Wellpath.  Plaintiff seeks damages, as well as injunctive and declaratory relief.  *Id*. at 4.

Plaintiff alleges that he began his pretrial detention on March 15, 2022, and, shortly thereafter, began complaining to medical staff about pain, bleeding, lesions, blisters, and white patches on the inside of his mouth and gums. *Id*. at 2. Plaintiff asserts that he was eventually examined by Dr. Nguyen on May 12, 2022, who performed a biopsy on tissue from inside Plaintiff's mouth.  *Id*. at 1. Plaintiff states that Dr. Nguyen informed him that the issue could be a serious condition called lichen planus[2] that could lead to cancer and scheduled him for a follow-up in six months, but did not otherwise provide any treatment.  *Id*.

Plaintiff alleges that his condition worsened and that he continued to suffer from extreme pain. *Id*. at 1-2. He asserts that he made numerous complaints to medical staff and was eventually seen on August 1, 2022, by an outside rheumatologist, who provided a topical ointment that was not effective. *Id*. at 2.  Plaintiff further alleges that Dr. Nguyen examined him again on August 29, 2022, at the urging of other medical staff, at which time Dr. Nguyen

---

[1] Although it is not clear when Plaintiff became a convicted prisoner, he filed a change of address notice on May 19, 2023, indicating that he had been transferred to a TDOC facility.  *See* Docket Entry No. 43.

[2] According to the Mayo Clinic, oral lichen planus is a chronic inflammatory condition that affects mucous membranes inside the mouth. *See* https://www.mayoclinic.org/diseases-conditions/oral-lichen-planus/symptoms-causes/syc20350869 (last visited August 19, 2024). These lesions may cause burning, pain, or other discomfort. *Id*. "Symptoms can usually be managed, but people who have oral lichen planus need regular monitoring because they may be at risk of developing mouth cancer in the affected areas." *Id*.

performed another biopsy and gave Plaintiff a steroid injection. *Id*. Additionally, Plaintiff alleges that Dr. Nguyen again told him that the condition was serious and stated that Plaintiff needed to be seen regularly and to be on a constant dose of steroids. *Id*. at 3. However, Plaintiff asserts that Dr. Nguyen failed to order regular treatment or medication or take any steps to ensure that Plaintiff received care, forcing Plaintiff to make constant complaints to medical staff about his condition and the pain he was experiencing. *Id*. Plaintiff alleges that he was told that only limited care and treatment would be provided to him because the DCSO is a short-term facility. *Id*. at 4.

Upon initial review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court found that Plaintiff stated colorable Fourteenth Amendment denial of medical care claims against Nguyen in his individual capacity, Wellpath, and Metro. *See* Order (Docket Entry No. 8) and Memorandum Opinion (Docket Entry No. 7) entered January 18, 2023. The Court also permitted Plaintiff to pursue claims under state law for negligence and intentional infliction of emotional distress. *Id*. After Defendants filed an answer (Docket Entry No. 40), a scheduling order and amended scheduling orders were entered, providing for periods of pretrial activity in the case, and Defendants' motion to dismiss the case under Rule 12(b)(6) of the Federal Rules of Civil Procedure was denied. *See* Order entered October 23, 2023 (Docket Entry No. 63). A jury trial has been demanded by the parties but has not been set pending resolution of Defendants' motion for summary judgment.

## II. MOTION FOR SUMMARY JUDGMENT AND RESPONSE

Defendants seek summary judgment under Rule 56 of the Federal Rules of Civil Procedure. They support their motion with: (1) a Memorandum of Law (Docket Entry No. 85); (2) a Statement of Undisputed Facts (Docket Entry No. 83); (3) the Declaration of Defendant

3

Nguyen (Docket Entry No. 87); and, (4) the Declaration of Melinda K. Stephens (Docket Entry No. 88), the Well Path medical records custodian, which has Plaintiff's medical records attached as an exhibit (Docket Entry No. 88-1).[3]

Defendants argue that there is no genuine dispute as to any material fact with respect to Plaintiff's Section 1983 claims.[4] They contend that Plaintiff cannot show that Defendant Nguyen recklessly disregarded his medical needs because the evidence shows that Plaintiff was provided with a course of appropriate treatment for his condition. They maintain that Plaintiff's lawsuit essentially boils down to his disagreement with the adequacy or way he was treated, which is not sufficient to support a constitutional claim. Defendants Metro and Wellpath argue that they cannot be held liable under a theory of vicarious liability and that the facts relied upon by Plaintiff to show an unconstitutional policy, practice, or custom do not support his claim against them. Finally, Defendants assert that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

In response, Plaintiff argues that that the medical records support his claim that Defendant Nguyen recklessly disregarded his medical needs related to his lichen planus and did not provide him with appropriate treatment. Plaintiff asserts that it is undisputed that Nguyen examined him on only two occasions and that he provided him with only minimal treatment despite being aware of the severity of Plaintiff's condition and the need for more effective

---

[3] Defendants have filed three declarations from Melinda Stephens. *See* Docket Entry Nos. 84, 86, and 88. However, the first declaration was improperly filed and was replaced by the second declaration, which appears to be missing pages and was not accompanied by Plaintiff's medical records. The final declaration was thereafter filed, albeit without explanation from Defendants' counsel.

[4] Defendants' arguments are set out in memorandum (Docket Entry No. 85) in support of their motion for summary judgment.

treatment. At a minimum, Plaintiff argues that genuine issues of material fact exist that must be resolved by a jury. He also contends that there is sufficient evidence to hold Defendants Metro and Wellpath liable and that his state law claims should be heard by this Court. Plaintiff supports his initial response with: (1) "a motion of opposition" (Docket Entry No. 90); (2) a memorandum (Docket Entry No. 91); (3) a response to Defendants' statement of undisputed facts, with exhibits attached thereto (Docket Entry No. 92); (4) his own affidavit (Docket Entry No. 93); and (5) a supplemental response (Docket Entry No. 101).[5]

Defendants reply to Plaintiff's response with: (1) a reply statement to Plaintiff's response to their statement of undisputed facts (Docket Entry No. 96); (2) the supplemental declaration of Nguyen (Docket Entry No. 96-1); and, (3) a reply to Plaintiff's supplemental response (Docket Entry No. 102). Defendants argue that Plaintiff's response to their statement of undisputed facts is procedurally improper because it does not comply with the Local Rules. Relying on Plaintiff's medical records and the supplemental declaration of Nguyen, Defendants respond to factual assertions made by Plaintiff in his response to their statement of undisputed facts and argue that the undisputed facts clearly show that Plaintiff was regularly seen by medical staff and was provided with multiple forms of medical treatment. *See* Reply to Supplemental Response.

Also before the Court is Plaintiff's three-part sur-reply to the reply filed by Defendants. *See* Sur-reply (Docket Entry No. 97); Second Sur-reply (Docket Entry No. 98); and Supplement to Second Sur-reply (Docket Entry No. 99). By these filings, Plaintiff disputes many of the factual assertions set out in Defendants' reply, points to medical records that he contends support

---

[5] By Order entered March 20, 2024 (Docket Entry No. 100), Plaintiff was granted leave to file a supplemental response.

5

his case, and argues that there is, at a minimum, a factual dispute about whether Defendant Nguyen was derelict in treating him.

## III. LEGAL STANDARDS

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir. 2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252). As

6

the Sixth Circuit has noted, when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on critical issues. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). Plaintiff's *pro se* status does not relieve him of this obligation. *Sixty Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).

# IV.  ANALYSIS

## A. The Parties' Summary Judgment Filings

Both parties' filings with respect to the pending summary judgment motion suffer from shortcomings that require comment from the Court.

First, Defendant Nguyen's original declaration, *see* Docket Entry No. 87, contains obviously erroneous factual misstatements to the extent that Nguyen declares that he examined and provided treatment to Plaintiff on March 12, 2022. *Id.* at ¶¶ 5 and 15.  The undisputed evidence shows that Plaintiff was not held as a detainee on March 12, 2022, that no examination occurred on that date, and that the first date upon which Plaintiff was examined and treated by Dr. Nguyen was May 12, 2022.  Upon Plaintiff's rebuttal to the declaration, Nguyen filed a supplemental declaration, acknowledging that he did not examine or treat Plaintiff on March 12, 2022, and declaring:

> Any misidentification of the date of this treatment is attributable to the March 12, 2022 date written on the medical records bates stamped as Wellpath 395-400. That incorrect date appears to have been written by Plaintiff.

*See* Docket Entry No. 96-1 at ¶ 3.

The inclusion in the original declaration of the erroneous information caused confusion and created an issue of contention that was completely unnecessary and unhelpful to Court's resolution of the motion. Given that Dr. Nguyen has acknowledged that the declaration

7

statements about a March 12, 2022, examination are erroneous and incorrect, the Court shall ignore this part of his original declaration. However, because the referenced medical records do, in fact, contain both the dates of March 12, 2022, and May 12, 2022, the Court accepts as plausible Dr. Nguyen's explanation for his confusion and why his original declaration contains erroneous and incorrect information as to this issue. Accordingly, the Court does not find that the original declaration was submitted in bad faith, and the Court will not strike the entirety of the original declaration.[6]

Second, Plaintiff's rebuttal to the motion for summary judgment relies, in part, upon procedurally improper filings as far as (1) the form and substance of his response to Defendants' statement of undisputed facts and (2) his submission of a sur-reply. Plaintiff's response to Defendants' statement of undisputed facts does not comply with the form of a response that is required by Local Rule 56.01(c)[7] and several of his responses substantively go well beyond merely accepting or disputing the statement of undisputed facts at issue because they also include

---

[6] The Court's conclusion that Dr. Nguyen provides a plausible explanation, and that bad faith does not exist should not be interpreted by Defendant Nguyen or his counsel as the Court either condoning the extremely careless and sloppy act of submitting the erroneous declaration statements or adopting any attempt by Dr. Nguyen to shift blame to Plaintiff for Dr. Nguyen's reliance upon the date shown in the medical records. While the medical records do contain at least one erroneous date that was likely written by Plaintiff, *see* Docket Entry No. 88-1 at 69, the records also contain several erroneous dates that were more than likely written by the medical staff and/or Dr. Nguyen himself. *See* Docket Entry No. 88-1 at 66-68, 70, and 72. Furthermore, examination of the records at issue, within the backdrop of Plaintiff's overall medical records, should have readily indicated to anyone who viewed the records that the March 12, 2022, date was erroneous.

[7] Local Rule 56.01(c) requires that the response to a statement of undisputed material facts "must be made on the document provided by the movant or on another document in which the non-movant has reproduced the facts and citation verbatim as set for the by the movant." Plaintiff's response does not comply with the first option and, while Plaintiff does set out verbatim some of statement of undisputed facts made by Defendants, he does so only sporadically and not for the entirety of the statement of undisputed facts.

8

legal arguments or commentary or contain factual statements that are not supported by citation to the record. *See* Docket Entry No. 92. Additionally, Plaintiff's submission of a sur-reply is improper. Because the Federal Rules of Civil Procedure and this Court's Local Rules do not expressly permit the filing of a sur-reply, such a filing is only permitted upon being granted leave of the court to make the filing. *See Key v. Shelby Cnty.*, 551 F.App'x 262, 265 (6th Cir. 2014); *Brisbane v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 2022 WL 524769, at *1 n.2 (M.D. Tenn. Feb. 22, 2022) (declining to consider plaintiff's response to defendant's reply filed without requesting or receiving permission to do so because it is not allowed under the Local Rules). Plaintiff failed to request permission to file his sur-reply.

Because of Plaintiff's *pro se* status, and because it is apparent to the Court that Plaintiff has made a diligent layman's attempt to rebut the motion for summary judgement, the Court shall overlook the procedural shortcomings of his filings. However, the Court's leniency in this respect does not relieve Plaintiff from the necessity of meeting the substantive legal requirements for his claims or of producing sufficient evidence to support his claims and to raise genuine issues of material fact. *See Johnson v. Stewart*, 2010 WL 8738105 at *3 (6th Cir. May 5, 2010) ("The liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law [and] the liberal standards that apply for *pro se* litigants at the pleading stage do not apply after a case has progressed to the summary judgment stage." (*citing Durante v. Fairlane Town Ctr.*, 201 F.App'x 338, 344 (6th Cir. 2006), and *Tucker v. Union of Needletrades, Indus., & Textile Emps.*, 407 F.3d 784, 788-89 (6th Cir. 2005)) (internal brackets omitted).

Finally, the Court notes that the medical records provided by both parties are not arranged in chronological order or in order of the Wellpath Bates stamp. For ease of reference,

unless otherwise noted, the Court will refer to Plaintiff's medical records by their docket entry number and page number within that docket entry number.

## B. Constitutional Standards under § 1983

Section 1983 of Title 42 permits individuals to bring civil claims based on violations of "the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). To state a claim under § 1983, Plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).

As a pretrial detainee, Plaintiff was entitled under the Fourteenth Amendment to a certain level of medical care during his pretrial detention. *Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022); *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004). Until recently, a pretrial detainee's right to medical care was analyzed under the same Eighth Amendment standards that apply to claims brought by convicted inmates. However, the standard for a pretrial detainee's Fourteenth Amendment medical care claim was recently clarified by the Sixth Circuit in *Helphenstine v. Lewis Cnty., Kentucky*, 60 F.4th 305 (6th Cir. 2023), in which the Court stated that:

> [a] plaintiff must show (1) that [the plaintiff] had a sufficiently serious medical need and (2) that each defendant acted deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.

60 F.3d at 317 (citing *Brawner v. Scott Cnty*, 14 F.4th 585, 596 (6th Cir. 2021).[8] While this standard requires a lesser showing of culpability than for an Eighth Amendment claim, the

---

[8] The Sixth Circuit in *Helphenstine* specifically disavowed a different standard that was

standard nonetheless retains the truism that a showing of negligence is not sufficient to support a constitutional claim. *Brawner*, 14 F.4th at 596.

## C. Plaintiff's § 1983 Claims

The Court finds that summary judgment should be granted to Defendants on Plaintiff's constitutional claims. Based on the evidence before the Court, no reasonable jury could find in favor of Plaintiff on his claims because the evidence, even when viewed in the light most favorable to Plaintiff, is not sufficient to show that his Fourteenth Amendment right to medical care was violated by Defendants. Any questions of fact that exist do not rise to the level of genuine issues of material fact that require the denial of the summary judgment motion and the resolution of Plaintiff's constitutional claims at trial.

"A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004)) (cleaned up). The Court finds that it is undisputed that Plaintiff suffered from a serious medical need because of his oral lichen planus. Indeed, Defendants do not contest this issue. Accordingly, the objective component of Plaintiff's claim is satisfied for the purposes of resolving the motion for summary judgment.

The crux of this case, and the issue that is contested by the parties, is whether Defendant Nguyen's treatment of Plaintiff amounted to reckless indifference to Plaintiff's condition and the serious risk that the condition posed to his health. After review of the evidence presented by the

---

set forth in *Trozzi v. Lake Cnty.*, 29 F.4th 745, 757 (6th Cir. 2022). *See Helphenstine*, 60 F.4th at 317.

parties, the Court finds that the evidence does not support a finding that Defendant Nguyen treated Plaintiff with reckless indifference.

The undisputed evidence shows that Plaintiff entered pretrial detention on March 15, 2022, *see* Docket Entry No. 92-1 at 85-88, and submitted sick call requests about pain and sores in his mouth in early April 2022 and throughout May 2022. *See* Docket Entry No. 88-1 at 7-11. He received treatments from the medical staff in the form of a mouth rinse, over the counter pain medication, a prescription for Acyclovir, and a Benzocaine numbing spray. *See* Docket Entry No. 88-1 at 16; Docket Entry No. 92-1 at 9, 11, and 73-80. Plaintiff's first interaction with Defendant Nguyen occurred on May 12, 2022, when Nguyen examined Plaintiff on a referral, performed a biopsy of the diseased tissue, and prescribed Lidex, a topical cream, for Plaintiff to use on the infected area. *See* Docket Entry No. 88-1 at 64-7; Supplemental Declaration of Nguyen at ¶ 3. Dr. Nguyen noted that Plaintiff was to follow up with him in a month. *See* Docket Entry No. 88-1 at 64-65 and 67. Plaintiff was thereafter seen by Dr. Finney on May 20 and 31, 2022, for complaints of his oral disease and was prescribed an oral gel, in addition to the Acyclovir and mouth rinse that had previously been prescribed. *See* Docket Entry No. 88-1 at 92-95. For reasons that are unclear, Plaintiff did not have a follow-up appointment with Dr. Nguyen in June, but on June 6, 2022, Nguyen did review and sign off on Plaintiff's biopsy results, confirming that Plaintiff had lichen mucositis and/or lichen planus, and noted that Plaintiff should have a consultation follow up in six months. *See* Docket Entry No. 88-1 at 19-20; Declaration of Nguyen at ¶¶ 6-7; Docket Entry No. 92-1 at 52. On June 14, 2022, the biopsy results and plan for a six month follow up were explained to Plaintiff by dentist Dr. Jimmerson-Hayes. *See* Docket Entry No. 88-1 at 19 and 48; Declaration of Nguyen at ¶ 17.

12

Plaintiff's oral disease persisted during the next two months, and he continued to submit sick call requests about his condition. *See* Docket Entry No. 92-1 at 105-07. The medical records show that he was examined by Dr. Finney on July 1, 2022, who prescribed Clindamycin for him, *see* Docket Entry No. 88-1 at 90-91, and that he was referred for an outside consultation and was examined by a rheumatologist on August 1, 2022, who prescribed another topical cream, Clobetasol Propionate. *See* Docket Entry No. 92-1 at 12-15. Plaintiff thereafter submitted more sick call requests, complaining that the cream made him nauseated and gave him diarrhea and requesting that he be seen by Dr. Finney or an oral surgeon. *Id*. at 96-98. Plaintiff was seen by a nurse practitioner and Dr. Finney, on August 4 and 8, and 26, 2022, respectively, who reaffirmed his need to use the cream and prescribed for him 7 days of Prednisone. *See* Docket Entry No. 88-1 at 84-89. On August 29, 2022, Plaintiff was again examined by Dr. Nguyen, who performed another biopsy, continued the Lidex cream, gave Plaintiff steroid injections into the tissue in his mouth, directed a referral to a rheumatologists/allergist, and noted that there should be a follow up for six months. *See* Docket Entry No. 88-1 at 54-62.

Although Plaintiff's complaint is based upon events occurring during a relatively short period of time, from March to September 2022, both parties have filed excerpts from Plaintiff's medical records that pertain to his treatment during the remainder of 2022 and into 2023.[9] These records evidence both the chronic nature Plaintiff's oral disease and a range of care from various medical providers, both in-house medical staff and outside providers. *See* Docket Entry No. 88-1 at 1, 14, 24-27, 31-42, 45-47, 49-53, 73-81, and 96-98; Docket Entry No. 92-1 at 1, 6-7, 16-20, 35-38, 59-62, 65, 69-71, 91-94, 99-105, 121-22, 166-72, 179-82, 184-86, and 193-95.

---

[9] On May 19, 2023, Plaintiff filed a change of address notice, indicating that he had been transferred to a TDOC facility. *See* Docket Entry No 43.

When the evidence clearly shows that an inmate was provided with some treatment for the medical need at issue, even if it was a conservative course of treatment, the inmate's mere desire for additional or different treatment does not by itself suffice to support a constitutional claim based on alleged inadequate medical care. *See Anthony v. Swanson*, 701 F.App'x 460, 464 (6th Cir. 2017); *Mitchell v. Hininger*, 553 F.App'x. 602, 605 (6th Cir. 2014); *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). \Generally, an inmate's disagreement with medical providers "over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983." *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017); *Owens v. Hutchinson*, 79 F.App'x 159, 161 (6th Cir. 2003) (noting that "[a] patient's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim"); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.").

Based on the evidence before the Court, no reasonable jury could find that Plaintiff's oral disease was ignored by Dr. Nguyen or by any other medical care provider. To the contrary, the evidence shows that various forms of treatment and testing were provided to him during the summer of 2022. Within the span of four months, Plaintiff was examined by numerous medical providers and was provided with two biopsies, prescription medications, over-the-counter medications, topical creams, mouth rinses, a steroid injection, and referrals to outside physicians. Although this treatment may not have been the treatment that Plaintiff would have obtained for himself had he not been detained, the Constitution does not guarantee the optimal or best

14

treatment possible. Plaintiff's complaints about the efficacy of some of the treatments does not support his constitutional claim given that the treatments that he received were within the realm of objectively reasonable treatment options for his oral disease and that nothing in this case supports a reasonable conclusion that Plaintiff's treatment was so cursory that it amounted to no treatment at all or was somehow grossly inadequate. *See Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002) (evidence of grossly inadequate care can support a constitutional lack of medical care claim). Plaintiff also argues that some of the treatments, particularly medications prescribed by Dr. Finney, were prescribed for the treatment of other medical problems, such as herpes (HSV). However, medical care is not provided in a vacuum. Treatment provided to Plaintiff by other medical staff could certainly be relied on by Dr. Nguyen in his evaluation and treatment of Plaintiff's oral disease. This is especially so for medication that was prescribed for the treatment of herpes (HSV), which is a disease that can itself cause oral blisters and lesions.

In support of his claim against Dr. Nguyen, Plaintiff points out that Dr. Nguyen did not have a follow-up with Plaintiff after the May biopsy, even though Dr. Nguyen indicated in his post-biopsy notes that he would have a follow-up, and that Dr. Nguyen did not see Plaintiff again after the May biopsy until August 29, 2022. Plaintiff argues that the cancelled follow-up and the delay of over three months between Dr. Nguyen's examinations of Plaintiff evidence a reckless disregard for the substantial risk to Plaintiff caused by lichen planus. He further contends that Dr. Nguyen "cancelled" appointments that were scheduled with Plaintiff and asserts that he suffered from pain and symptoms that could have been alleviated had Dr. Nguyen acted more promptly to treat him after the results of the May biopsy were known.

15

No explanation has been provided by Dr. Nguyen for why he did not see Plaintiff for a follow-up after the May biopsy. However, the undisputed evidence shows that Dr. Nguyen did review the biopsy results and that they were communicated to Plaintiff by a dentist who saw Plaintiff in early June. Given that Dr. Nguyen had provided the Lidex cream to Plaintiff and that he was receiving other treatments and was therefore receiving some level of treatment for his oral disease during the summer of 2022, a single missed follow-up appointment and a three month span between examinations does not evidence a reckless disregard on the part of Dr. Nguyen toward Plaintiff's medical need related to his oral disease.[10]

While Plaintiff's oral disease certainly was a serious medical issue, it did not present an urgent or acute medical need that required immediate or emergency medical attention from Dr. Nguyen. In this sense, Plaintiff's case is readily distinguishable from cases in which a question for trial existed because a defendant failed to provide prompt treatment in response to an inmate's acute medical situation that necessitated immediate treatment. *See Grote v. Kenton Cnty., Kentucky*, 85 F.4th 397, 411 (6th Cir. 2023) (nurse failed to provide prompt treatment to inmate who showed visible signs of acute distress); *Helphenstine*, 60 F.4th at 322 (physician failed to provide prompt treatment and hospitalization to detainee who was suffering from drug/alcohol withdrawal); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550-51 (6th Cir. 2009) (nurse delayed treatment to inmate who exhibited symptoms of significant dehydration and heat stroke); *Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 540 (6th Cir. 2008) (inmate exhibited two weeks of severe symptoms at jail prior to her death); *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004) (treatment was delayed for inmate suffering from appendicitis).

---

[10] Plaintiff does not point to any actual evidence supporting his contention that Dr. Nguyen cancelled any appointments to examine him.

In the end, Plaintiff's claim against Defendant Nguyen is based upon Plaintiff's dissatisfaction with the adequacy of the treatment that he received, which is insufficient to support a constitutional claim. Plaintiff contends that he should have been examined more regularly by Nguyen and should have been provided with a course of treatment that was different or more aggressive than the treatment he was provided. However, for the reasons set out herein, the evidence, even when viewed in the light most favorable to Plaintiff, does not support a reasonable conclusion that Defendant Nguyen acted with reckless disregard to Plaintiff's serious medical need.

Furthermore, Plaintiff fails to support his contention that he should have been provided with different or more prompt treatment with any type of expert medical testimony. In the absence of such supporting evidence, Plaintiff's desire for different, more aggressive, or more prompt treatment is simply not sufficient to support a constitutional claim. *See Rhinehart v. Scutt*, 894 F.3d 721, 741 (6th Cir. 2018) (prisoner failed to introduce expert medical evidence that would enable a jury to find that more aggressive treatment was necessary); *Anthony v. Swanson*, 701 F.App'x 460, 464 (6th Cir. 2017) (defendants entitled to summary judgment because prisoner failed to support his claim that he should have been provided with a more aggressive treatment with expert medical testimony); *Blosser v. Gilbert*, 422 F.App'x. 453, 460-61 (6th Cir.2011) (holding that a prisoner who was "regularly examined by the medical staff at the prison and received his pain medication, monitoring, and care" but, despite an emergency room doctor's recommendation, was not referred to a specialist for almost a month could not succeed without providing "verifying medical evidence of the detrimental effect of the delay"). Defendant Nguyen is entitled to summary judgment in his favor.

Defendants Wellpath and Metro are likewise entitled to summary judgment in their favor. Liability under § 1983 against non-individual defendants, such as Wellpath[11] and Metro, cannot be based upon theories of vicarious liability or *respondeat superior* but must be based upon evidence showing a direct causal link between a policy or custom of Wellpath or Metro and the alleged constitutional injury suffered by Plaintiff. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978); *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005). To demonstrate a basis for liability, Plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). In essence, liability attaches only if Plaintiff shows that it is a policy of Wellpath or Metro that is the "moving force" behind the constitutional violation. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

There is no evidence before the Court supporting a constitutional claim against Defendants Wellpath and Metro. First, as the Court has already determined, there is not sufficient evidence upon which a reasonable jury could find that Plaintiff's oral disease was treated in a manner that violated his Fourteenth Amendment right to medical care. In the absence of evidence of a constitutional violation, there is no underpinning for a liability claim against Defendants Wellpath or Metro based on a theory that a policy or custom caused Plaintiff to suffer a constitutional injury. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Colemon v. City of Cincinnati*, 2023 WL 5095804, at *4 (6th Cir. Aug. 9, 2023) ("Supreme

---

[11] Because Wellpath performs a traditional governmental function in providing medical care to inmates, it acts under the color of state law for the purposes of § 1983. *See Winkler v. Madison Cnty.*, 893 F.3d 877, 904 (6th Cir. 2018); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

18

Court and Sixth Circuit precedent holds that a constitutional *injury* is required to pursue a Monell claim."); *White v. City of Detroit, Michigan*, 38 F.4th 495, 500 (6th Cir. 2022). Second, Plaintiff offers no evidence of any actual policy or custom. Although he contends that he was told by Defendant Nguyen and/or other medical care providers that his treatment options were limited because he was being held at Metro's short term facility, such off-hand statements, even if accepted at face value, fall far short of constituting evidence of an actual policy that was adopted by Defendants Wellpath or Metro or a custom that was so widespread that it had the force of law. *See Howell v. NaphCare, Inc.*, 67 F.4th 302, 318 (6th Cir. 2023) (finding that a single piece of evidence showing a typical practice was not sufficient to show a disputed issue of material fact about the existence of a custom); *Thomas v. City of Chattanooga*, 398 F.3d 426, 433 (6th Cir. 2005) (plaintiff bears "a heavy burden in proving municipal liability, and he cannot rely solely on a single instance to infer a policy of deliberate indifference.").

**D. State Law Claims**

Upon the dismissal of Plaintiff's federal claims, the only claims remaining are the state law claims for negligence and intentional infliction of emotional distress. Because the dismissal of Plaintiff's claims extinguishes the basis for original federal jurisdiction in the case, the Court should decline to exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367 ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction[.]"); *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F.App'x 580, 584 (6th Cir. 2011) ("[T]his Court applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed."); *Lyndon's LLC v. City of Detroit, Michigan*, 2024 WL 3427176, at *3 (6th Cir. 2024) ("Both federal statutory provisions and our precedent... permit [and] encourage district

19

courts to decline to exercise supplemental jurisdiction over state law claims that are left without an anchor when their associated federal claims are dismissed.") (internal citations omitted).

### E. Plaintiff's Motion for Judicial Notice (Docket Entry No. 103)

By Order entered February 1, 2024 (Docket Entry No. 89), the Court granted Plaintiff's request for an extension of time until February 23, 2024, to file his own dispositive motion. In the Order entered March 20, 2024 (Docket Entry No. 100), the Court noted that Plaintiff had not filed such a motion.

On April 8, 2024, Plaintiff responded to the March 20, 2024, Order by filing a "motion for judicial notice," in which he asserts that he prepared his own dispositive motion and gave it to the prison mailroom on February 5 or 6, 2024, to be mailed to the Court, but the motion was never received by the Court. *See* Docket Entry No. 103. He asks the Court to investigate the matter.

The Court sees no basis to investigate the matter as requested by Plaintiff. Nor does the Court see any basis requiring either a delay in resolving Defendants' motion or a further extension of time to permit Plaintiff to file his own motion. First, Plaintiff's motion is not accompanied by an affidavit or declaration that is sworn to and submitted under the penalty of perjury, and it is also not supported by any documentary evidence, such as prison mail room records or a copy of the dispositive motion that he is purported to have attempted to mail. Second, the docket reflects that four filings from Plaintiff were mailed to the Court bearing postmarks of February 5, 2024. *See* Docket Entry Nos. 90-93. Although these filings were submitted in response to Defendants' motion for summary judgment, one of them is styled as a "motion of opposition," *see* Docket Entry No. 90, and perhaps Plaintiff has confused his filings. To the extent that he has not, the Court notes that in none of the filings made by Plaintiff in

response to the issue of summary judgment does he ever refer in any manner to his own motion for summary judgment.

Finally, given the amount of briefing and evidence that is already before the Court with respect to Defendants' motion for summary judgment, any motion by Plaintiff for summary judgment in his favor would simply be surplusage. There is simply no reason to conclude that Plaintiff's own motion would have merit when he is unable to defeat Defendants' motion, which requires a lesser showing that to succeed on his own motion. Plaintiff's motion for judicial notice must therefore be denied.

## RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that the motion for summary judgment (Docket Entry No. 81) filed by Defendants Well Path, LLC, the Metropolitan Government of Nashville and Davidson County, and Dr. Hoang Brian Nguyen be **GRANTED** and this action be **DISMISSED**. It is further **RECOMMENDED** that Plaintiff's motion for judicial notice (Docket Entry No. 103) be **DENIED**.[12]

---

[12] Although a motion for judicial notice is not clearly either a non-dispositive matter or a dispositive matter, *see* 28 U.S.C. § 636(b)(1), and because Plaintiff submitted the motion in lieu of the dispositive motion that he was directed to submit, the Court finds it most efficient to simply include a recommendation for denial of the motion. Nevertheless, to the extent the District Judge determines that the instant motion for judicial notice is a non-dispositive matter that may be resolved by order, *see Damron v. Dodrill*, Case No. 2:17-cv-0337, 2022 WL 225023, at *1 (S.D. Ohio, Jan. 26, 2022) (holding that motions for judicial notice are non-dispositive), the undersigned respectfully submits the denial of the motion for judicial notice (Docket No. 103), as discussed in Part IV.E above, as an order to which the standard of review in 28 U.S.C. § 636(b)(1)(A) applies.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge