IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:22-cv-00705 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| WELL PATH MEDICAL, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court[1] is a Report and Recommendation ("R&R") of the Magistrate Judge (Doc. No. 104), wherein the Magistrate Judge recommends that this Court grant the motion for summary judgment (Doc. No. 81, "Motion") filed by Defendants Wellpath,[2] LLC, the Metropolitan Government of Nashville and Davidson County, and Dr. Hoang Brian Nguyen, (collectively, "Defendants"), deny Plaintiff Corey Taylor's ("Plaintiff") motion for judicial notice (Doc. No. 103, "Motion for Judicial Notice"), and dismiss this action in its entirety.

Plaintiff has filed objections to the R&R (Doc. No. 105, "Objections").[3] Plaintiff has also filed what he calls a "motion in opposition" (Doc. No 73, "Motion for Review") to the Magistrate Judge's order that denied Plaintiff's motion to appoint counsel (Doc. No. 62, "Motion to Appoint Counsel") but which the Court generously construes as a motion *for review* of the order of the

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] The name of this limited liability company appears to constitute a single word, but for whatever reason the case caption in this case consistently has shown it as two words.

[3] Herein, a given use of the term "Objections" may refer to the document (Doc. No. 105) itself, to the purported objections contained therein (i.e., the "objections" to the R&R contained within the "Objections"), or both.

magistrate judge denying his Motion to Appoint Counsel. Notably, although Plaintiff claims in the Motion for Review that *Doc. No. 7*0 was order the of the magistrate judge denying his Motion to Appoint Counsel, in fact the order that did so (as well as doing other things) was Doc. No. 67 ("Order Denying Appointment of Counsel"), which was filed on October 11, 2023.[4]

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the Court overrules the Objections, adopts the recommendations of the Magistrate Judge in the R&R, grants Defendants' Motion to Dismiss, denies Plaintiff's Motion for Judicial Notice, denies Plaintiff's Motion for Review, and dismisses the action in its entirety.

## BACKGROUND

Plaintiff does not dispute any of the facts (regarding the procedural history and underlying circumstances of this case) set forth by the Magistrate Judge in the R&R.[5] As such, the Court adopts that factual background in its entirety, including original footnotes (which are set forth herein as footnotes 6 and 7), and includes it here for reference.

> Corey Taylor ("Plaintiff") is currently an inmate of the Tennessee Department of Correction ("TDOC") confined at the Turney Center Industrial Complex in Only, Tennessee. He filed this lawsuit pro se and in forma pauperis on September 13, 2022, about the treatment of his medical needs during a period of several months when he was held in the custody of the Davidson County Sheriff's Office ("Sheriff's Office") as a pretrial detainee. *See* Complaint (Docket Entry No.

---

[4] As the Order denying Appointment of Counsel noted, the Magistrate Judge had issued an order (Doc. No. 23) denying a prior motion ("petition") of Plaintiff (Doc. No. 20) for appointment as counsel, but that order does not appear to be within the scope of the Motion for Review—and in any event was issued so far prior to the filing of the Motion for Review that Plaintiff's best(albeit ultimately unsuccessful) shot at avoiding a time bar on the Motion for Review is to challenge the later order (Doc. No. 67) rather than the earlier order (Doc. No. 23).

[5] Plaintiff does dispute the correctness of certain of the Magistrate Judge's conclusions and asserts that the Magistrate Judge should have taken account of other alleged facts not included within this block quote, but he does not signal out any of the facts in the block quote as wrong.

1).[6] Named as defendants are the Metropolitan Government of Nashville and Davidson County ("Metro"), Wellpath, LLC ("Wellpath"), and Dr. Hoang Brian Nguyen ("Dr. Nguyen"). Wellpath is a health care company that provides medical services to inmates in the custody of the Sheriff's Office. Dr. Nguyen is an oral surgeon employed by Wellpath. Plaintiff seeks damages, as well as injunctive and declaratory relief. *Id.* at 4.

Plaintiff alleges that he began his pretrial detention on March 15, 2022, and, shortly thereafter, began complaining to medical staff about pain, bleeding, lesions, blisters, and white patches on the inside of his mouth and gums. *Id.* at 2. Plaintiff asserts that he was eventually examined by Dr. Nguyen on May 12, 2022, who performed a biopsy on tissue from inside Plaintiff's mouth. *Id.* at 1. Plaintiff states that Dr. Nguyen informed him that the issue could be a serious condition called lichen planus[7] that could lead to cancer and scheduled him for a follow-up in six months, but did not otherwise provide any treatment. *Id.*

Plaintiff alleges that his condition worsened and that he continued to suffer from extreme pain. *Id.* at 1-2. He asserts that he made numerous complaints to medical staff and was eventually seen on August 1, 2022, by an outside rheumatologist, who provided a topical ointment that was not effective. *Id.* at 2. Plaintiff further alleges that Dr. Nguyen examined him again on August 29, 2022, at the urging of other medical staff, at which time Dr. Nguyen performed another biopsy and gave Plaintiff a steroid injection. *Id.* Additionally, Plaintiff alleges that Dr. Nguyen again told him that the condition was serious and stated that Plaintiff needed to be seen regularly and to be on a constant dose of steroids. *Id.* at 3. However, Plaintiff asserts that Dr. Nguyen failed to order regular treatment or medication or take any steps to ensure that Plaintiff received care, forcing Plaintiff to make constant complaints to medical staff about his condition and the pain he was experiencing. *Id.* Plaintiff alleges that he was told that only limited care and treatment would be provided to him because the DCSO is a short-term facility. *Id.* at 4.

Upon initial review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court found that Plaintiff stated colorable Fourteenth Amendment denial of medical care claims against Nguyen in his individual capacity, Wellpath, and Metro. *See* Order (Docket Entry No. 8) and Memorandum Opinion (Docket Entry No. 7) entered January 18, 2023. The Court also permitted Plaintiff to pursue

---

[6] Although it is not clear when Plaintiff became a convicted prisoner, he filed a change of address notice on May 19, 2023, indicating that he had been transferred to a TDOC facility. *See* Doc. No. 43.

[7] The Court notes for background purposes that according to the Mayo Clinic, oral lichen planus is a chronic inflammatory condition that affects mucous membranes inside the mouth. *See* https://www.mayoclinic.org/diseasesconditions/oral-lichen-planus/symptoms-causes/syc20350869 (last visited August 19, 2024). These lesions may cause burning, pain, or other discomfort. *Id.* "Symptoms can usually be managed, but people who have oral lichen planus need regular monitoring because they may be at risk of developing mouth cancer in the affected areas." *Id.*

claims under state law for negligence and intentional infliction of emotional distress. *Id.* After Defendants filed an answer (Docket Entry No. 40), a scheduling order and amended scheduling orders were entered, providing for periods of pretrial activity in the case, and Defendants' motion to dismiss the case under Rule 12(b)(6) of the Federal Rules of Civil Procedure was denied. *See* Order entered October 23, 2023 (Docket Entry No. 63). A jury trial has been demanded by the parties but has not been set pending resolution of Defendants' motion for summary judgment.

R&R at 1-3.

The Magistrate Judge evaluated Plaintiff's claims of violations of § 1983, Plaintiff's state law claims, and Plaintiff's Motion for Judicial Notice. In her analysis, the Magistrate Judge concluded that the Motion should be granted and Plaintiff's claims pursuant to § 1983 should be dismissed. Specifically, the Magistrate Judge concluded that summary judgment should be granted to Defendant Hoang Brian Nguyen ("Dr. Nguyen") on Plaintiff's § 1983 claims based on an alleged reckless indifference to the treatment of Plaintiff's condition because the evidence does not support a finding that treated Plaintiff with reckless indifference. (R&R at 4). The Magistrate Judge also determined that summary judgment should be granted to Defendants Wellpath, LLC ("Wellpath") and the Metropolitan Government of Nashville and Davidson County ("Metro") on Plaintiff's claims against those Defendants. In so determining, the Magistrate Judge reasoned that liability under § 1983 against non-individual (i.e., entity) defendants cannot be based upon theories of vicarious liability or *respondeat superior*, but rather must be based upon evidence showing a direct causal link between a policy or custom of the entity (in this case, Defendants Wellpath and Metro) and the alleged constitutional injury suffered by Plaintiff. (*Id.*).

The Magistrate Judge then turned to Plaintiff's state law claims. She noted that Plaintiff's federal claims served as the only basis for original subject-matter jurisdiction in this Court. (*Id.* at 19). As she implied, the only basis for subject-matter jurisdiction over the state law claims was supplemental jurisdiction under 28 U.S.C. § 1367, which provides in pertinent part that generally

"in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Magistrate Judge recommended that this Court decline to exercise jurisdiction over Plaintiff's state-law claims in the event that Plaintiff's federal claims (those under Section 1983) were dismissed. (R&R at 19).

Accordingly, the Magistrate Judge found that this Court lacks subject-matter jurisdiction to hear Plaintiff's state law claims. Finally, the Magistrate Judge addressed Plaintiff's Motion for Judicial Notice. In recommending a dismissal, the Magistrate Judge noted that the Court already provided an extension for Plaintiff to file his own dispositive motion and that there is an abundance of briefing and evidence before the Court on this matter. (*Id.* at 21). Further, Plaintiff's Motion for Judicial Notice suffered from several procedural deficiencies. (*Id.* at 20).

## LEGAL STANDARD

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that

does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context*." Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019) (internal citations and quotation marks omitted).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed the R&R and the Objections. Below, the Court conducts a *de novo* analysis of the portion of the R&R challenged by the Objections.

As for the Motion for Review, objections to a magistrate judge's order on a non-dispositive matter (such as a request for appointment of counsel), which under this Court's Local Rule 72.01(a) are called a "motion for review" of the magistrate judge's order, must be filed within 14 days after the objector has been served with a copy of the magistrate judge's order. *See* Fed. R. Civ. P. 72(a).

## ANALYSIS

Before turning to the Objections, the Court first disposes of the Motion for Review. The docket reflects that on October 11, 2023, the same day that the Order Denying Appointment of Counsel was filed, the Clerk's Office sent out a service copy of that order via regular U.S. mail. As the Order itself warned the parties, "[a]ny party objecting to this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party." (Doc. No. 67 at 1).

The Motion for Review was not filed until November 16, 2023, 36 days after the Order Denying Appointment of Counsel was filed and mailed to Plaintiff by the Clerk's Office. Even if the Court were to cut Plaintiff substantial slack with respect to the 14-day deadline for filing a

motion for review (under the so-called prison mailbox rule[8] or relatedly, due to any other issues regarding mail service to or from prisons), the Motion for Review would be well past the applicable deadline. And Plaintiff certainly does nothing to excuse or explain away this tardiness. Accordingly, the Motion for Review is (Doc. No. 73) is denied as untimely.

Alternatively, the Motion for Review is denied as failing to meet the applicable standard for a district judge to overturn a decision of the magistrate judge. Pursuant to Fed. R. Civ. P. 72(a), the Court may modify or set aside any part of a Magistrate Judge's Order on a non-dispositive matter that is clearly erroneous or is contrary to law. The "clearly erroneous" standard applies only to factual findings, while legal conclusions are reviewed under the "contrary to law" standard. *Norfolk Cnty Ret. Sys. v. Cmty. Health Sys., Inc.*, No. 3:11-cv-00433, 2019 U.S. Dist. LEXIS 112291, 2019 WL 3003647, at * 1 (M.D. Tenn. Apr. 19, 2019); *Equal Emp't Opportunity Comm'n v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009). This standard is deferential, and mere disagreement with the Magistrate Judge and/or an assertion that the Magistrate Judge should have ruled differently does not rise to a clear error of fact or a decision contrary to law. *See Shabazz v. Schofield*, No. 3:13-CV-00091, 2014 U.S. Dist. LEXIS 163642, 2014 WL 6605504, at *1 (M.D. Tenn. Nov. 19, 2014) ("The Court is not empowered to reverse the magistrate judge's finding simply because this Court would have decided the issue differently."). When examining legal conclusions under the contrary to law standard, a court may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in

---

[8] See *Tulis v. Orange*, No. 3:22-CV-00911, 2023 WL 5012106, at *11 (M.D. Tenn. Aug. 7, 2023) ("the 'mailbox rule,' . . . permits the Court to constructively construe the date on which a complaint is placed in the mail [or, to be more lenient to inmates, the date on which a complaint is delivered to prison authorities for mailing] as the date of filing, is a narrow rule that is applicable . . . to *pro se* parties who are prison inmates." (citation omitted)). If the prison mailbox rule were applied to the filing of the Motion for Review (as with the filing of a complaint), that would make only a few days' difference, since the postmark on Plaintiff's mailing of the Motion for Review shows a date of November 13, 2023. (Doc. No. 73 at 5).

the Constitution, statutes, or case precedent. *Vanderbilt Univ. v. Scholastic, Inc.*, 321 F. Supp. 3d 830, 832-33 (M.D. Tenn. 2018). In the Motion for Review, Plaintiff merely expresses disagreement with the Magistrate Judge's decision to deny appointment of counsel and presents his view as to why the Magistrate Judge should have reached the opposite decision. But this does not suffice to show a clearly erroneous factual finding or a legal (or other) conclusion that its contrary to law. And the Court does not itself see any such mistake on the part of the Magistrate Judge.

In short, for each of these two alternative reasons, the Motion for Review (Doc. No. 73) is DENIED.

## I. Plaintiff's Objections, Generally

The R&R recommends that the Court grant Defendants' Motion for Summary Judgment and dismiss this action in its entirety. In his Objections, Plaintiff makes several objections, some of which are directed toward the Magistrate Judge's recommendation to grant Defendants summary judgment on his § 1983 claims, and the other of which is directed toward the Magistrate Judge's decision not to appoint counsel.

As for the latter objection, it is not cognizable in the present context (i.e., on Plaintiff's challenge to the R&R), because the R&R did not make any recommendation regarding Plaintiff's request for counsel. Instead, as noted above, the Magistrate Judge previously had issued an order (Doc. No. 67) denying that request, and that request had to be challenged via a motion for review—which they were, albeit unsuccessfully, as noted above.

As for the former Objections, they are overruled for the reasons stated below.

## II. Objections to Dismissal of Plaintiff's Section 1983 Claims

Via the R&R, the Magistrate Judge recommends that the Court grant the Motion for Summary Judgment, deny Plaintiff's Motion for Judicial Notice, and dismiss this action in its entirety. (Doc. No. 104 at 11). Section 1983 of Title 42 permits individuals to bring civil claims based on violations of "the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). To state a claim under § 1983, Plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).

As a pretrial detainee, Plaintiff was entitled under the Fourteenth Amendment to a certain level of medical care during his pretrial detention. *Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022); *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004). Until recently, a pretrial detainee's right to medical care was analyzed under the same Eighth Amendment standards that apply to claims brought by convicted inmates. However, the standard for a pretrial detainee's Fourteenth Amendment medical care claim was clarified relatively recently by the Sixth Circuit in *Helphenstine v. Lewis Cnty.*, Kentucky, 60 F.4th 305 (6th Cir. 2023), in which the Court stated that: [a] plaintiff must show (1) that [the plaintiff] had a sufficiently serious medical need and (2) that each defendant acted deliberately (not accidentally), and also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known. 60 F.3d at 317 (citing *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021). At issue is whether Defendant Dr. Nguyen's treatment amounted to reckless indifference in treating Plaintiff's condition. After entering pretrial detention, Plaintiff submitted sick call requests about pain and sores in his mouth in April and May 2022. (Doc. No. 88-1 at 7-11). It was in those same months

in which these requests were made that Plaintiff was seen by two physicians, Dr. Nguyen and Dr. Finney, in April and May, respectively. Plaintiff then received treatment for these requests by way of a mouth rinse, over the counter medication, and prescription medication. (Doc. No. 92-1). Follow-up appointments were required for his care and, in fact, in June 2022, Dr. Nguyen reviewed Plaintiff's biopsy results, confirmed that Plaintiff had lichen mucositis, and scheduled a further follow-up consultation within six months from that appointment. (*Id.*)

Despite the care received and the medications administered, Plaintiff's oral disease continued, and he made several more sick call requests. Dr. Finney prescribed Clindamycin during a July 1, 2022, examination and Plaintiff also had an outside consultation on August 1, 2022, with a rheumatologist who prescribed a topical cream. (Doc. No. 88-1 at 64-7). When that cream caused other ailments in Plaintiff, he made several visits to a nurse practitioner in August 2022 who reiterated the importance of Plaintiff's use of the topical cream and gave him a prescription of Prednisone as well.

When the evidence clearly shows that an inmate was provided with some treatment for the medical need in question, even if it was a conservative course of treatment, the inmate's desire for additional or different treatment does not by itself suffice to support a constitutional claim based on alleged inadequate medical care. *See Anthony v. Swanson*, 701 F. App'x 460, 464 (6th Cir. 2017); *Mitchell v. Hininger*, 553 F. App'x. 602, 605 (6th Cir. 2014); *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). Generally, an inmate's disagreement with medical providers "over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983." *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017); *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003) (noting that "[a] patient's disagreement with his

physicians over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim").

Given the number of visits, consultations, and over-the counter as well as prescription medication provided to Plaintiff from April 2022 until August 2022, it is clear that the care of Plaintiff did not reflect reckless indifference. With respect to Dr. Nguyen, Plaintiff points to a cancelled follow-up visit as evidence of reckless disregard. (Objections at 3). However, the care that Plaintiff otherwise received runs counter to this assertion, as does Dr. Nguyen's review of Plaintiff's biopsy results and communicating of such to Plaintiff.

Plaintiff fails to support his contention that he should have been provided with different or more prompt treatment with any type of expert medical testimony. In the absence of such supporting evidence, Plaintiff's desire for different, more aggressive, or more prompt treatment is simply not sufficient to support a constitutional claim. *See Rhinehart v. Scutt*, 894 F.3d 721, 741 (6th Cir. 2018) (prisoner failed to introduce expert medical evidence that would enable a jury to find that more aggressive treatment was necessary); *Anthony v. Swanson*, 701 F. App'x 460, 464 (6th Cir. 2017) (holding that defendants were entitled to summary judgment because prisoner failed to support his claim that he should have been provided with a more aggressive treatment with expert medical testimony).

This Court now turns to claims against Defendants Wellpath and Metro. Liability under § 1983 against non-individual defendants, such as Defendants Wellpath and Metro, cannot be based upon theories of vicarious liability or *respondeat superior* but must be based upon evidence showing a direct causal link between a policy or custom of Defendants and the alleged constitutional injury suffered by Plaintiff. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978); *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005). To demonstrate a basis for liability,

Plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). In the absence of evidence of a constitutional violation, there is no basis for a liability claim against Defendants Wellpath or Metro based on a theory that a policy or custom caused Plaintiff to suffer a constitutional injury. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Colemon v. City of Cincinnati*, 2023 WL 5095804, at *4 (6th Cir. Aug. 9, 2023)

In his Objections, Plaintiff does not point to any policy of Defendants that caused his injury, but instead seeks to shift the burden onto Defendant in noting that Defendant has failed to demonstrate that there is a policy or contract in place by which they *cannot* be held liable. (Objections at 3). Plaintiff's argument misapprehends the burden of demonstrating liability, as noted above. In summary, Plaintiff has failed to point to—as required—one or more policies or customs of Defendants that caused his injuries.

### III. Objection to Denial of Motion of Judicial Notice

On February 1, 2024, the Court granted Plaintiff's request for an extension of time, until February 23, 2024, to file a dispositive motion. (Doc. No. 89). However, Plaintiff never filed a dispositive motion, and the Magistrate Judge noted as much. (Doc. No. 100).

Plaintiff later asserted, in his Motion for Judicial Notice, that he had given a dispositive motion to the prison mailroom on February 5 or 6, 2024, to be mailed to the Court, but that it was never received by the Court. (Motion for Judicial Notice at 1). Therefore, in the Motion for Judicial Notice, Plaintiff requests the Court (a) to take judicial notice that he gave the mailroom clerk his filing in a secured envelope on February 5 or 6, 2024; and (b) to investigate this matter by requesting a log of inmate mailing.

In her R&R, the Magistrate Judge recommended denial of Plaintiff's Motion of Judicial Notice because the Magistrate Judge saw no basis to investigate the matter or to permit a further extension of time for Plaintiff to file a dispositive motion. (R&R at 20). Further, Plaintiff's Motion for Judicial Notice was not accompanied by an affidavit or declaration sworn to and submitted under penalty of perjury,[9] or supported by any documentary evidence.

The Court will generously treat certain language in the Objections, (Doc. No. 105 at 8), as constituting a cognizable objection to the Magistrate Judge's recommendation to deny the Motion for Judicial Notice.

The Court agrees with the Magistrate Judge's observations regarding Plaintiff's Motion for Judicial Notice. Moreover, the Court further notes that the standard for judicial notice obviously is not satisfied with respect to the fact of which Plaintiff requests the Court take judicial notice; the (alleged) fact that Plaintiff on a certain date delivered a copy of a document to the prison mailroom to be mailed to the Clerk's Office is not a "fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. And further as to Plaintiff's request to investigate the inner workings of the prison mailroom, the Court notes our civil judicial system is an adversarial one (even in cases where one of the parties is pro se), and Plaintiff has pointed the Court to no authority whereby the Court could interject itself to conduct an "investigation" at the behest of and to the potential benefit

---

[9] Plaintiff did include some language in the content of the motion intended to make the motion look like it was a declaration under penalty of perjury, but even if the language otherwise sufficiently tracked the required language of 28 U.S.C. § 1746 for declarations under penalty of perjury (which is dubious), the declaration must be submitted separately, and Plaintiff (even though proceeding pro se) cannot properly be credited with submitting a *declaration* merely by including *some language in a sentence in a motion* intended to make the following statement in the sentence a declaration.

of only one party. Still less does he identify the parameters of any such investigation and how the Court could justify expending scarce judicial resources on such an enterprise.

As for Plaintiff's claim that the Magistrate Judge erroneously failed to apply the mailbox rule, the claim is entirely without merit. The mailbox rule is a rule about when a filing that *arrives in the* clerk's *office, having been delivered by an inmate to prison authorities for mailing to the clerk's office,* should be deemed filed in the clerk's office. It simply does not say what Plaintiff implies it says, i.e., something like "even when a document never showed up in the clerk's office, it is deemed to have been presented to prison authorities for mailing (and thus also deemed filed as of the date of such presentation) if the inmate says it was thus presented." It has no application to a situation like the present one, in which the alleged document never arrived at the clerk's office And in particular it does not provide an independent basis for concluding that the alleged document was in fact delivered to prison authorities for mailing.

Accordingly, the Court overrules the objections to the recommendation to deny the Motion for Judicial Notice.

### IV. State Law Claims

Plaintiff also asserts several state law claims against Defendants including negligence and intentional infliction of emotional distress, but Plaintiff in his Objections does not address the Magistrate Judge's recommendation of dismissal of Plaintiff's state law claims. So the Court need not separately address this recommendation, and adopts it outright as being unobjected to. Nevertheless, the Court will explain why it find the recommendation sound on the merits in any event.

A district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3); *see also Ford v. Frame*,

3 F. App'x 316, 318 (6th Cir. 2001) ("[D]istrict courts possess broad discretion in determining whether to retain supplemental jurisdiction over state claims once all federal claims are dismissed."). The Supreme Court has noted that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 1 (1988); *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims.")

The sole basis in the Complaint for original subject-matter jurisdiction is federal-question jurisdiction under § 1983. Plaintiff does not assert any factual allegations giving rise to diversity jurisdiction under 28 U.S.C. 1331. This Court, having granted Defendants' Motion to Dismiss Plaintiffs' § 1983 claims (over which the Court has original jurisdiction), and lacking diversity jurisdiction, can maintain subject-matter jurisdiction over the state law claims only by virtue of exercising supplemental jurisdiction. But the aforementioned factors weigh in favor of declining supplemental jurisdiction over Plaintiffs' state law claims. So the Court agrees with the R&R that it should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims and will dismiss them without prejudice. Plaintiff may seek to refile them in a Tennessee state court.

CONCLUSION

For the reasons discussed herein, Plaintiff's Objections are overruled, and the Court adopts the Magistrate Judge's R&R (Doc. No. 104). Accordingly, Defendants' Motion for Summary Judgment (Doc. No. 81) is GRANTED, Plaintiff's Motion for Judicial Notice is DENIED (Doc. No. 103), Plaintiff's state law claims are DISMISSED, and this action is DISMISSED in its

entirety. Plaintiff's Motion for Review (Doc. No. 73) is DENIED as untimely and, alternatively, substantively without merit.

The Clerk is DIRECTED to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE